**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002590**
**22-MAY-2015**
**07:58 AM**

NO. CAAP-13-0002590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MARK POLENDEY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-12-080766)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Mark Polendey appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 9, 2013 in the District Court of the First Circuit, Honolulu Division ("District Court").[1]  Polendey was found guilty of operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") § 291E-62(a)(1) and/or (a)(2).[2]

---

[1]    The Honorable David Lo presided.

[2]    HRS § 291E-62(a) states in relevant part:

§291E-62  **Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.**  (a)  No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted . . . shall operate or assume actual physical control of any vehicle:

(1)    In violation of any restrictions placed on the person's license;

Polendey was charged as follows:

> On or about the 17th day of November, 2012, in the City and County of Honolulu, State of Hawaii, MARK POLENDEY, a person whose license and privilege to operate a vehicle had been revoked, suspended, or otherwise restricted pursuant to Section 291E-62 or to Part III of Chapter 291E or Section 291E-61, or 291E-61.5, or to Part VII or Part XIV of Chapter 286 or Section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 of the Hawaii Revised Statutes as those provisions were in effect on December 31, 2001, did intentionally, knowingly or recklessly operate or assume actual physical control of any vehicle upon a public way, street, road, or highway in violation of any restrictions placed on his license, and/or while his license or privilege to operate a vehicle remained suspended or revoked, thereby committing the offense of Operating a Vehicle After License And Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of An Intoxicant in violation of Section 291E-62(a)(1) and/or (a)(2) of the Hawaii Revised Statutes. MARK POLENDEY is subject to sentencing as a first offender in accordance with Section 291E-62(b)(1) of the Hawaii Revised Statutes.

On appeal, Polendey contends the District Court erred by denying his motion to dismiss the Complaint because (1) the charge of violating HRS § 291E-62(a)(1) was improperly pled in the disjunctive, and (2) the charge of violating HRS § 291E-62(a)(2) failed to allege the requisite mens rea and an attendant circumstance of committing the violation on a public way, street, road, or highway.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, we resolve Polendey's points of error as follows, and affirm:

(1) Polendey claims that the State erroneously pled the attendant circumstances element in the disjunctive and that the District Court therefore erred in denying his Motion to Dismiss the HRS § 291E-62(a)(1) charge. Citing to *Territory v. Lii*, 39 Haw. 574 (Terr. 1952), *State v. Jendrusch*, 58 Haw. 279, 283 n.4, 567 P.2d 1242, 1245 n.4 (1977), and *State v. Batson*, 73 Haw. 236,

---

(2)     While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

Haw. Rev. Stat. § 291E-62(a) (Supp. 2012).

249-50, 831 P.2d 924, 931-32 (1992), Polendey observes that case law regarding disjunctive pleading has focused on the conduct element, but argues that the prohibition should be extended to attendant circumstances. Specifically, Polendey maintains that the attendant circumstance of his license being "revoked, suspended, or otherwise restricted" is improperly pled in the disjunctive.[3/]

In *State v. Codiamat*, 131 Hawai'i 220, 317 P.3d 664 (2013), a decision issued after Polendey filed his opening brief in the case, the Hawai'i Supreme Court held that:

> [T]he complaint in this case met due process requirements, regardless of whether one concludes that the disjunctively charged acts were synonymous or non-synonymous. The acts charged disjunctively were contained within a single subsection of a statute and were reasonably related so that the complaint sufficiently apprised the defendant of the nature of the charged acts and allowed the defendant to prepare a defense.

*Id.* at 221, 317 P.3d at 665. The Court further noted that "acts may be charged disjunctively when the words used charge similar or analogous forms of conduct that are codified in a single subsection of a statute. *Id.* at 227, 317 P.3d at 671 (citing *State v. Nesmith*, 127 Hawai'i 48, 276 P.3d 617 (2012), another OVUII case).

Even if we ignore the fact that the cases cited by Polendey do not extend the concern over disjunctive pleading to attendant circumstances, the words "revoked, suspended, or otherwise restricted" in the charge "are similar or analogous forms of conduct that are codified in a single subsection of the statute." Therefore, the charge meets the ultimate test of informing the accused fully of the nature and cause of the accusation against him. *See Codiamat*, 131 Hawai'i at 223, 317 P.3d at 667 (quoting *Nesmith*, 127 Hawai'i at 66, 276 P.3d at 635). Thus, the charge of violating HRS § 291E-62(a)(1) was not defective for being pled in the disjunctive, and we reject Polendey's first point of error accordingly.

---

[3/] "[A]n attendant circumstance is essentially a circumstance that 'exist[s] indpendently of the [actor's conduct].'" *State v. Wheeler*, 121 Hawai'i 383, 392, 219 P.3d 1170, 1179 (2009) (brackets in original) (quoting *State v. Aiwohi*, 109 Hawai'i 115, 127, 123 P.3d 1210, 1222 (2005)).

(2) Polendey's argument that the HRS § 291E-62(a)(2) charge was deficient for failing to state again or separately the requisite mens rea and attendant circumstance of committing the violation "upon a public way, street, road, or highway" is without merit. The charges of violating HRS § 291E-62(a)(1) and/or (a)(2) were stated in the alternative, so the mens rea and attendant circumstances applied to both charges, separately or together, as they were written in the Complaint. We concur with the State that the (a)(2) portion of the charge ("while his license or privilege to operate a vehicle remained suspended or revoked") cannot within reason be read without also reading the independent clause of the charge.[4] Accordingly, we reject Polendey's second point of error.

Therefore,

IT IS HEREBY ORDERED THAT the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 9, 2013 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, May 22, 2015.

On the briefs:

Daniel Kawamoto
(Law Offices of Paul J. Cunney)
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4] The independent clause of the charge reads:

[Polendey], a person whose license and privilege to operate a vehicle had been revoked, suspended, or otherwise restricted pursuant to . . . as those provisions were in effect on December 31, 2001, did intentionally, knowingly or recklessly operate or assume actual physical control of any vehicle upon a public way, street, road, or highway[.]